UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CR-0105-001-CVE |
| MITCHELL LEE KEENE, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are Defendant Keene's Motion to Suppress (Dkt. # 45) and Defendant Keene's Motion in Limine (Dkt. # 46). Defendant Mitchell Lee Keene asks the Court to suppress evidence seized during a search of a motel room, because he was an occupant of the motel room and he did not consent to the search. Dkt. # 45. Defendant also asks the Court to exclude the statements or confessions of any non-testifying co-defendants, because the admission of any such statements would violate defendant's right to confront the witnesses against him. Dkt. # 46.

**I.**

On May 9, 2018, a grand jury returned an indictment (Dkt. # 2) charging defendant, Amber Renee Long, and Steven Lee Purdy with drug conspiracy. The indictment alleges that, beginning on or about June 2017 and continuing until on or about February 28, 2018, the defendants conspired to possess at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute it. Dkt. # 2. The crime charged in the indictment is punishable by a statutory mandatory minimum sentence of 10 years and a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). Long and Purdy have changed their pleas to guilty pursuant to written plea agreements, under which they agreed to plead guilty to a

charge of drug conspiracy without a statutory mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(C).

Defendant has filed a motion to suppress in which he challenges the admissibility of evidence seized from a motel room, a home, and a recreational vehicle (RV). Dkt. # 45. The Court set defendant's motion to suppress for an evidentiary hearing on August 7, 2018. The Court has reviewed defendant's motion (Dkt. # 45) and plaintiff's response (Dkt. # 56), and finds that the essential facts necessary to resolve defendant's motion are not disputed by the parties. The parties agree that, on February 28, 2018, defendant was pursued by law enforcement officials as he left a Motel 6 located in Catoosa, Oklahoma. Dkt. # 45, at 2; Dkt. # 56, at 2. Defendant wrecked the motorcycle and he was arrested. Id. Before going to the Motel 6 on February 28, 2018, law enforcement officials had determined that defendant had multiple outstanding felony arrest warrants in Mayes County, Oklahoma, and a loaded firearm was found in his jacket.[1] Dkt. # 56, at 1-2. After Keene was taken into custody, law enforcement officials went to the Motel 6 and obtained written consent from the person who leased the motel room to search the room. Dkt. # 56-1 (written consent form). Law enforcement officials entered the motel room, and Long was the sole occupant of the room. Dkt. # 45, at 2; Dkt. # 56, at 2. Long voluntarily spoke to law enforcement officials and stated that a quantity of methamphetamine in the motel room belong to defendant. Id. Long also gave her consent for police to search a home located in Peggs, Oklahoma, and she claimed that she

---

[1] In a separate criminal case, defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States of America v. Mitchell Lee Keene, 18-CR-114-CVE (N.D. Okla.).

resided at the home with defendant.[2] Id. It is undisputed that defendant was not physically present at the motel room when the search occurred.

## II.

Defendant argues that he had a reasonable expectation of privacy in the motel room and he did not consent to a search of the motel room, and he asks the Court to suppress all evidence seized as a result of the search. Dkt. # 45, at 3. He argues that he should not be penalized merely because he was not physically present at the time of the search, and his absence did not lessen his reasonable expectation of privacy in the motel room. Id. at 4.

The Court has reviewed defendant's motion to suppress and finds that an evidentiary hearing is unnecessary. Defendant's motion to suppress is based solely on his argument that he had a reasonable expectation of privacy in the motel room and, therefore, he has Fourth Amendment standing the challenge the legality of the search of the motel room. For the purpose of ruling on defendant's motion to suppress, the Court will assume that he was an occupant of the motel room before he left the motel on his motorcycle and that he would have had authority to object a search of the motel room if he had been present. Defendant's motion to suppress fails for a separate reason based on the undisputed fact that he was not physically present when the search of the motel room occurred.

In Georgia v. Randolph, 547 U.S. 103 (2006), the Supreme Court considered whether police could lawfully perform a consent search of a home when one of the physically present occupants

---

[2] Defendant seeks to suppress firearms seized from the residence and a nearby RV. However, plaintiff states that the residence and RV were located in the Eastern District of Oklahoma and the firearms will not be used as evidence in this case. Dkt. # 56, at 2. That portion of the motion to suppress is moot.

3

of the home refused to consent to the search. The case arose when police responded to a domestic dispute call involving a husband and wife, and both husband and wife were present in the marital home when the police arrived. Id. at 107. The wife advised the police that her husband was a drug user and there were "items of drug evidence" in the home, and she consented to a search of the home. Id. However, her husband unequivocally refused to consent to the search. Id. The police officer entered the home and the wife took the police officer to a bedroom to show him what appeared to be cocaine. Id. The husband was arrested, and he moved to suppress evidence seized during the warrantless search of his home. Id. The Supreme Court explained that it was seeking to a resolve a circuit split concerning "the reasonableness of police entry in reliance on consent by one occupant subject to immediate challenge by another . . . ." Id. at 113. In such cases, the consent of one occupant is not sufficient to allow police to make a warrantless entry into a home when another physically present occupant refuses to consent, but police can use information provided by the consenting occupant to obtain a search warrant. Id. at 116-17. The Supreme Court made clear that it was drawing a "fine line" and it distinguished the facts in Randolph from a situation when an occupant of the home is not present when consent to search is requested:

> if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out.

Id. at 121. In a subsequent decision, the Supreme Court explained that "the Court's opinion [in Randolph] went to great lengths to make clear that its holding was limited to situations in which the objecting occupant is present." Fernandez v. California, 571 U.S. 292, 301 (2014).

Defendant complains that he should not be "penalized" because he was not physically present to object to a search of the motel room. However, the Supreme Court could not have been

4

clearer that a co-tenant's refusal to consent to a search only prevents the police from making a warrantless consent search when that co-tenant is physically present when consent is requested. The Tenth Circuit has found that Randolph does not prohibit police entering a home with the consent of one co-tenant when the other co-tenant was lawfully arrested and removed from the home. United States v. McKerrell, 491 F.3d 1221 (10th Cir. 2007). In this case, defendant voluntarily left the Motel 6 on a motorcycle, and he was taken into custody at a separate location. Law enforcement officials obtained the consent of the person who actually leased the motel room before making a warrantless entry into the motel room. Upon entering the motel room, the occupant, Long, voluntarily cooperated with the police, and she did not object to a search of the motel room. The Court has assumed for the purpose of this motion that defendant was an occupant of the motel room before he left on his motorcycle and that he would have had authority to refuse consent if he had been present when the search occurred. However, it is undisputed that he was not present, and the Supreme Court has clearly held that only the objection of a physically present co-tenant needs to be considered by police when seeking to conduct a warrantless search of a premises. Based on the undisputed facts in the parties' briefing, the Court finds that defendant's motion to suppress should be denied.

### III.

Defendant asks the Court to exclude any written or recorded statements made by Long and Purdy to law enforcement officials, because any such statements would be testimonial in nature and admission of the statements would violate his rights under the Confrontation Clause of the Sixth Amendment. Dkt. # 45. Plaintiff responds that it agrees that statements by non-testifying co-defendants would likely be inadmissible at trial, and it agrees not "to introduce confessions,

5

admissions, or statements of any non-testifying co-defendant." Dkt. # 57, at 3. However, it may seek to use co-conspirator statements made "in the course and in furtherance of the charged conspiracies." Id.

In United States v. Bruton, 391 U.S. 123 (1968), the Supreme Court held that a defendant's right to confront the witnesses against him is violated by the admission of an out-of-court statement by a co-defendant if the statement implicates the defendant and the co-defendant does not testify at trial. The Tenth Circuit has rejected a broad interpretation of Bruton and has declined to extend Bruton to require the exclusion of statements that "are not directly inculpatory but only inferentially incriminating." United States v. Rahseparian, 231 F.3d 1267, 1277 (10th Cir. 2000). A Bruton problem may be cured by redaction of an out-of-court statement implicating the defendant if it is possible to remove references to the defendant from the statement without making it obvious that any statements reference the defendant. United States v. Sarracino, 340 F.3d 1148, 1159 n.3 (10th Cir. 2003). It is not sufficient merely to remove a defendant's name from the out-of-court statement and there must be no "reference to his or her existence" and, in addition, the Court must give a proper limiting instruction. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

The Court has reviewed defendant's motion and plaintiff's response, and finds that defendant's motion in limine (Dkt. # 46) is moot. Plaintiff states that it does not intend to offer the statements or confessions of any non-testifying co-defendant at trial. The reason for this could be that plaintiff simply does not intend to offer any co-defendant statements implicating the defendant, or the person making such statements will be testifying at trial. In either event, defendant has not shown that there is likely to be a Bruton issue at trial, and his motion in limine is moot. However,

defendant may renew this objection at trial if it appears that a statement or confession by a non-testifying co-defendant is likely to be offered as evidence.

**IT IS THEREFORE ORDERED** that Defendant Keene's Motion to Suppress (Dkt. # 45) is **denied** as to the motel room search, and **moot** as to the search of the RV and the residence. **The suppression hearing and continued pretrial conference set for August 7, 2018 at 10:30 a.m. are stricken. Any additional pretrial issues will be addressed on August 13, 2018 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that and Defendant Keene's Motion in Limine (Dkt. # 46) is **moot**.

**DATED** this 3rd day of August, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE